**Thomas A. Carr**, OSB No. 212598
County Counsel
tom_carr@co.washington.or.us
Office of Washington County Counsel
155 N First Avenue, Suite 340, MS 24
Hillsboro, OR 97124
Phone (503) 846-8747
Fax (503) 846-8636
Attorney for Defendant Washington County

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

NO on 878, an Oregon referendum petition committee; JONATHAN POLONSKY, an individual; BRENT CHADWICK, an individual; JORDAN SCHWARTZ, an individual; JASON WILLIAMS, an individual; PLAID PANTRIES, INC., an Oregon corporation; HENRY'S VAPE, INC., an Oregon Corporation; SERENITY VAPORS, LLC. an Oregon limited liability corporation,

Plaintiffs,

v.

WASHINGTON COUNTY, an Oregon home rule county, PATRICK ALLEN, in his official capacity as Director of the Oregon Health Authority,

Defendants.

Case No. 3:22-cv-00928

DEFENDANT WASHINGTON COUNTY'S OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER

## INTRODUCTION

Defendant Washington County opposes the plaintiffs' motion for temporary restraining order. The instant complaint and motion appear to be an attempt to have this court intercede in a matter that is under adjudication in the state court system. This very issue is before the Oregon state courts in two separate lawsuits filed by three of the plaintiffs in this action. The Honorable Theodore Sims has scheduled a hearing on a motion for preliminary injunction for this Tuesday, July 5, 2022. Washington County requests that this Court deny the motion for temporary restraining order and schedule expedited consideration of a motion to dismiss, or in the alternative stay this matter under *Younger* or *Pullman*. This is a matter of interpretation of the Oregon Constitution, Oregon Revised Statutes and the Washington County Charter and should be left to the state courts to resolve, at least at the outset. Finally, the instant motion attempts to create a false sense of urgency, when in fact, the ordinance in question has been effective since June 13, 2022.

## FACTS

On November 2, 2021, the Washington County Board of Commissioners adopted Ordinance No. 878, which was: "An Ordinance to Prohibit Flavored Tobacco and Flavored Synthetic Nicotine, Prohibiting Coupon and Price promotions and Repealing Ordinance 599." Declaration of Thomas A. Carr ("Carr Decl.") ¶ 2. Plaintiff Jonathan Polonsky led a signature gathering initiative to refer Ordinance 878 to the voters at the May 2022 election. Complaint [ECF 1] ¶ 5. Prior to the election, but after the time to challenge the ballot title, Mr. Polonsky filed a complaint in the Washington County Circuit Court (Case No. 22CV04836) seeking to enjoin the election based on the wording of the ballot title. Carr Decl., Ex. A. In that complaint, Mr. Polonsky claimed, as he does in the instant complaint, that the ballot title was phrased

incorrectly. *Id.* The parties filed motions for summary judgment and the Honorable Theodore Sims, after hearing oral argument on May 9, 2022, issued an order granting the defendants' motion for summary judgment and denying Mr. Polonsky's motion. *Id.* ¶ 5. On June 3, 2022, Mr. Polonsky filed a notice of appeal. That appeal is pending. Mr. Polonsky did not seek a stay pending appeal. *Id.* ¶ 6. The ordinance became effective June 13, 2022, when the county certified the election results to the state.

On February 4, 2022, Jordan Schwartz and Serenity Vapors, LLC, who are also plaintiffs in this litigation, filed a different complaint in state court, under Washington County Circuit Court Case number 22CV04836 and on April 29, 2022, a first amended complaint. *Id.* ¶ 8. On June 6, 2022, Washington County moved to dismiss the first amended complaint. *Id.* ¶ 9. Three days later, Mr. Schwartz and Serenity filed a motion for temporary restraining order and preliminary injunction and attempted to schedule a hearing for June 21, 2022. Counsel for Mr. Schwartz and Serenity failed to file a certificate of service and no hearing was scheduled, although counsel for both parties appeared. Judge Sims did not grant the requested temporary restraining order but issued an order show cause for a preliminary injunction hearing on this coming Tuesday July 5, 2022. *Id.* ¶ 10.

Washington County has no staff available to perform proactive enforcement. However, County staff will respond to community complaints and issue citations if appropriate. There is no special significance to July 1. *Id.* ¶ 12.

## ARGUMENT

### I. The Court Should Deny the Motion for Temporary Restraining Order

Motions for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox*

*Co.*, 434 U.S. 1345, 1347 n. 2 (1977) ("A party seeking a restraining order must make a persuasive showing of irreparable harm and likelihood of prevailing on the merits."); *Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir.1981) (Ferguson, J. dissenting); *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002). To obtain a preliminary injunction, a party must show likelihood of success on the merits, irreparable harm, the balance of equities in the movant's favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

**A. The Court should allow the state courts to address this dispute about state law.**

The plaintiffs cannot show likelihood of success on the merits, because the complaint should be dismissed under the *Younger* abstention doctrine or stayed under the *Pullman* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971); *R.R. Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941). The *Younger* abstention doctrine requires federal courts to dismiss claims for declaratory or injunctive relief that would interfere with state judicial proceedings. *Delta Dental Plan v. Mendoza*, 139 F.3d 1289, 1293–94 (9th Cir.1998). It reflects a strong federal policy against federal interference with pending state judicial proceedings. *Id.* If *Younger* applies, there is no discretion, and the federal court must dismiss. *Id.* *Younger* abstention is required if the state proceedings are: (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *San Remo Hotel v. City & Cnty. of San Francisco,* 145 F.3d 1095, 1103 (9th Cir. 1998). It applies in cases such as the instant matter where state civil proceedings implicate an interest in civil enforcement. *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019). The complaint in this case seeks to have this Court intervene and supersede the pending judgment of Oregon

courts on an issue of Oregon law and enforcement against the plaintiffs' businesses. It should therefore be dismissed under *Younger.*

In the alternative, this Court should abstain under *Pullman. Pullman* abstention is an equitable doctrine under which federal courts refrain from deciding sensitive federal constitutional questions when state law issues may be mooted or narrowed by pending state litigation. *San Remo Hotel*, 918 F.3d at 1104. "And it is not even necessary that the state adjudication 'obviate the need to decide all the federal constitutional questions' as long as it will 'reduce the contours' of the litigation." *Smelt v. County of Orange*, 447 F.3d 673, 679 (9th Cir. 2006) (quoting *C-Y Dev. Co. v. City of Redlands*, 703 F.2d 375, 380 (9th Cir. 1983)). "Under *Pullman* abstention the federal courts 'have the power to refrain from hearing cases . . . in which the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law." *Slidewaters LLC v. Washington State Dep't of Lab. & Indus.*, 4 F.4th 747, 761 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 779 (2022) (quoting *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1209 (9th Cir. 2021). Elections involve a sensitive area of social policy into which federal courts should only intrude "reluctantly." *Burdick v. Takushi*, 846 F.2d 587, 589 (9th Cir. 1988). In *Burdick*, the Ninth Circuit held as follows:

> State election codes are the product of careful consideration at the local level about how to ensure fair and orderly elections. The authority of states to enact such codes derives from the Constitution itself. See Article I, Sec. 4, cl. 1. Federal courts should refrain from deciding the constitutionality of state election laws when reasonable alternatives to such adjudication are available.

*Id.* In this case, there are two state court cases, including one before the Court of Appeals, that will decide many of the issues raised in the complaint.

**B. The plaintiffs cannot show irreparable harm that cannot be remedied by money damages.**

Equitable relief is available only if there is not an adequate remedy at law. *Sonner v. Premier Nutrition Corp*., 971 F.3d 834, 844 (9th Cir. 2020). The plaintiffs only harm would be lost revenue. Lost revenue is not irreparable harm. *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). Nor is the loss of business goodwill. Under Oregon law, business goodwill is considered quantifiable and therefore compensable through money damages. *See In re Marriage of McDuffy*, 184 Or. App. 359, 365-66 (2002) (damage to business goodwill is an element of damages). The plaintiffs will not be irreparably harmed if the injunction is denied.

**C. The public interest weighs in favor of denying the motion.**

The plaintiffs can cite to no genuine public interest in stopping enforcement of Ordinance 878. Indeed, the public has already had a chance to weigh in. Washington County voters overwhelmingly (76% to 24%) rejected a ballot measure to repeal Ordinance 878. Carr Decl., ¶ 7. The only interests that an injunction will serve are the purely private pecuniary interests of the plaintiffs, other sellers of flavored tobacco, and the tobacco industry as a whole. The harm is that more children will be addicted and suffer the ills associated with tobacco.

**CONCLUSION**

Ordinance 878 was passed in November 2021, approved by the voters in May 2022 and went into effect on June 13, 2022. There are two pending state court actions seeking to prevent enforcement. Now, on the eve of the July 4th holiday, the plaintiffs come before this court seeking emergency relief to which they are not entitled based upon an artificial sense of urgency.

Washington County respectfully requests that this Court deny the motion for temporary restraining order and set a briefing schedule for consideration of a motion to dismiss or abstain.

DATED: June 30, 2022.

*s/Thomas Carr*
Thomas A. Carr, OSB No. 212598
County Counsel
tom_carr@co.washington.or.us
Attorney for Defendant Washington County