**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **NO ON 878,** an Oregon referendum petition committee, **JONATHAN POLONSKY, BRENT CHADWICK, JORDAN SCHWARTZ, JASON WILLIAMS,** individuals, **PLAID PANTRIES, INC.,** an Oregon Corporation, **HENRY'S VAPE, INC.,** an Oregon Corporation, and **SERENITY VAPORS, LLC,** an Oregon limited liability corporation,<br>Plaintiffs,<br><br>v.<br><br>**WASHINGTON COUNTY,** an Oregon home rule county,<br><br>Defendant. | Case No. 3:22-cv-00928-IM<br><br>**OPINION AND ORDER** |

Nathan R. Rietmann, Rietmann Law P.C., 1270 Chemeketa St., NE, Salem, OR 97301. Attorney for Plaintiffs.

Thomas A. Carr, Washington County Counsel, 155 N First Avenue, MS 24, Suite 340, Hillsboro, OR 97124. Attorney for Defendant.

**IMMERGUT, District Judge.**

Plaintiffs, a referendum petition committee, individual Washington County voters, and three Oregon businesses with locations in Washington County, filed suit against Defendant Washington County under 42 U.S.C. § 1983, alleging First and Fourteenth Amendment violations. For the reasons set forth below, this Court finds that it is appropriate to abstain from deciding Plaintiffs' federal claims pending the resolution of concurrent Oregon state court

litigation on Plaintiffs' state law claims. Having found abstention appropriate, this Court grants the Parties' joint request to dismiss the present case with leave to refile.

## BACKGROUND

### A. Parties' Federal Litigation

On November 2, 2021, the Washington County Board of Commissioners adopted Ordinance 878 to prohibit the sale of flavored tobacco products and inhalant delivery systems in Washington County. ECF 1 at ¶ 28. Violation of Ordinance 878 is a civil infraction which imposes fines to individuals and corporations who violate the ordinance. *Id*. at ¶ 43.

On November 17, 2021, Plaintiff Polonsky submitted a prospective referendum petition with the Washington County Elections Office referring Ordinance 878 to voters for approval or rejection. *Id*. at ¶ 29. On January 27, 2022, Defendant Washington County informed Plaintiff Polonsky that his referendum petition contained the requisite number of signatures to place Ordinance 878 on the ballot. *Id*. at ¶ 32.

On March 11, 2022, Defendant Washington County published "Notice of Measure Election" on the County website and assigned Ordinance 878 ballot measure number 34-314. *Id*. at ¶ 33. The Notice framed the question as: "Should [O]rdinance 878, prohibiting flavored tobacco products, machine sales, coupons, discounts, and movable sale of tobacco products, be repealed?" ECF 3-3. The Joint County Voter's Pamphlet explained: "A 'Yes' vote on the referendum question is a vote to repeal Ordinance 878 and means that you prefer that Ordinance 878 does not go into effect. . . . A 'No' vote on the referendum question is a vote against the repeal of Ordinance 878 and means that you prefer Ordinance 878 goes into effect." ECF 3-4 at 4.

On June 13, 2022, Washington County certified the election results which showed that 24.03% of those voting on Measure 34-314 voted "yes" and 75.96% voted "no." ECF 1 at ¶ 35.

Plaintiffs claim that Defendant Washington County is asserting that the law was approved and enacted by voters at the May 17, 2022 election and took effect June 13, 2022. *Id*. at ¶ 36.

On June 29, 2022, one day after filing their Complaint, Plaintiffs petitioned this Court for a temporary order restraining Washington County from enforcing Ordinance 878. ECF 2. This Court held a telephonic hearing on the temporary restraining order on June 30, 2022. ECF 20. In a subsequent Order, this Court denied Plaintiffs' motion for a temporary restraining order, finding that Plaintiffs failed to establish an imminent, irreparable harm in the absence of a TRO and had also failed to establish a likelihood of success on the merits. ECF 21.

In addition to denying Plaintiffs' TRO, this Court ordered the parties to provide supplemental briefing on whether abstention is appropriate in this case under either *Younger* or *Pullman*. ECF 21. After receiving briefing from both parties on the issue, this Court held a hearing on October 11, 2022, to hear argument on the issue of *Pullman* abstention and appropriate relief. ECF 26. At the hearing, this Court concluded that abstention is appropriate in this case under *Pullman* and granted the parties' joint request to dismiss this case with leave to refile, rather than stay the case pending the outcome of the state court litigation.

**B. Parties' State Litigation**

Prior to commencing federal litigation, Plaintiffs challenged Defendant's enactment of Ordinance 878 in Oregon State court. Plaintiffs filed their state court case in April 2022. ECF 11 ¶ 3. Plaintiffs' state court complaint alleges the same harm as Plaintiffs' federal complaint: that Defendant violated Plaintiffs' rights by submitting Ordinance 878 to Washington County voters in a manner inconsistent with state law. *Id.* at 5. The only addition to Plaintiffs' federal complaint was the allegation that Defendant's actions taken in violation of Oregon state law denied Plaintiffs' their rights under the First and Fourteenth Amendments. ECF 1 ¶ 51.

Parties filed cross-motions for summary judgment. ECF 12 at 47, 141. On May 19, 2022, Circuit Court Judge Theodore Sims denied Plaintiffs' Motion for Summary Judgment, granted Defendant's Motion for Summary Judgment, and dismissed Plaintiffs' Complaint with Prejudice. ECF 11 ¶ 5, *see also Polonsky v. Washington County*, No. 22-CV-12904 (April 14, 2022). Plaintiffs filed a Notice of Appeal with the Oregon Court of Appeals on June 3, 2022. ECF 11 ¶ 6. As of the issuance of this Opinion, Plaintiffs' appeal is currently pending but has not yet been briefed.

In addition to challenging the referendum process, Plaintiff also challenged the validity of Ordinance 878 itself through a second case in Oregon state court. *Schwartz et al. v. Washington County*, No. 22-CV-04836 (Feb. 4, 2022). On September 19, Circuit Court Judge Andrew Erwin ruled that Oregon state law preempted Washington County's ban. *Id.*

## **LEGAL STANDARD**

"Abstention from the exercise of federal jurisdiction is the exception, not the rule*.*" *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). One such exception, known as *Pullman* abstention, permits a federal court to decline to exercise jurisdiction "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 189 (1959) (citing *R.R. Comm. of Tex. v. Pullman Co.*, 312 U.S. 496 (1941)). Where resolution of unclear state law by a state court would obviate the need for a federal ruling, *Pullman* abstention "avoid[s] the waste of a tentative [federal] decision as well as the friction of a premature constitutional adjudication." *Pullman*, 312 U.S. at 500. *Pullman* abstention likewise recognizes that "the harmonious relation between state and federal authority" sometimes requires deference to the states, particularly where the dispute before the federal court

hinges on a significant and unsettled question of state law. *Id*. at 500-501; *see also Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 889 ("*Pullman* defers to state court interpretations of state law, not only out of concern for comity, but also to avoid '"premature constitutional adjudication"' that would arise from 'interpreting state law without the benefit of an authoritative construction by state courts.'" [internal citation omitted].)

*Pullman* abstention "is not an automatic rule applied whenever a federal court is faced with a doubtful issue of state law; it rather involves a discretionary exercise of a court's equity powers." *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964). Abstention under *Pullman* is appropriate when: "(1) the case touches on a sensitive area of social policy upon which the federal courts ought not enter unless no alternative to its adjudication is open, (2) constitutional adjudication plainly can be avoided if a definite ruling on the state issue would terminate the controversy, and (3) the proper resolution of the possible determinative issue of state law is uncertain." *Courthouse News Service v. Planet*, 750 F.3d 776, 783-84 (9th Cir. 2014). All three factors must be present for *Pullman* abstention to apply, *Porter v. Jones*, 319 F.3d 483, 492 (9th Cir. 2003), and a court can raise the issue of abstention sua sponte. *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976).

## DISCUSSION

### A. Pullman Abstention

A court may not exercise its discretion to abstain under *Pullman* unless all three criteria are met. Plaintiffs assert that none of the required criteria are present in this case; Defendant contends that all three are present. Based on the nature of the Plaintiffs' federal and state law claims, as well as the existence of pending litigation of the state law issues in the Oregon appellate courts, this Court finds that abstention is proper under *Pullman*.

#### 1. Sensitive Area of Social Policy

The first element of *Pullman* abstention asks whether the case "touches on an area of sensitive social policy upon which the federal courts ought not enter unless no alternative to its adjudication is open." *Courthouse News*, 750 F.3d at 783. Defendant argues that this case implicates unsettled questions of state election law. ECF 24 at 2. Plaintiffs counter that the case concerns only Defendant's failure to follow settled state election law. ECF 23 at 10-11. While the parties frame the issue differently, this Court finds that Plaintiffs' First and Fourteenth Amendment claims are inherently tied to a question of interpretation of Oregon state election law: namely, did the Defendant's method of submitting Ordinance 878 to the voters accord with the requirements of the Oregon Constitution? ECF 1 at ¶ 51.

State election laws are sensitive areas of social policy. As the Ninth Circuit has stated, "[s]tate election codes are the product of careful consideration at the local level about how to ensure fair and orderly elections." *Burdick v. Takushi*, 846 F.2d 587, 589 (9th Cir. 1988.) The Constitution provides that states are responsible for prescribing "[t]he Times, Places and Manner of holding Elections for Senators and Representatives," Art. I, § 4, cl. 1, and the Supreme Court has recognized that states retain the power to regulate their own elections. *Sugarman v. Dougall*, 413 U.S. 634, 647 (1973); *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208, 217 (1986). Because of the important state interests implicated by the interpretation of state election laws, "[f]ederal courts should refrain from deciding the constitutionality of state election laws when reasonable alternatives to such adjudication are available." *Burdick*, 846 F.2d at 589.

Plaintiffs argue that *Pullman* cannot apply because "abstention is generally inappropriate when first amendment rights are at stake" and Plaintiffs' claims are based, in part, on alleged violations of First Amendment rights. *J-R Distributors, Inc. v. Eikenberry*, 725 F.2d 482, 487 (9th Cir. 1984). While it is true that "the guarantee of free expression is always an area of

particular concern," *Ripplinger v. Collins*, 868 F.2d 1043, 1048 (9th Cir. 1989), there "is no absolute rule against abstention in first amendment cases." *Almodovar v. Reiner*, 832 F.2d 1138, 1140 (9th Cir. 1987); *see also Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 510 (1985) (O'Connor, J., concurring) (". . . even in cases involving First Amendment challenges to a state statute, abstention may be required. . . ."). Instead, courts consider whether abstention would "force the plaintiff who has commenced a federal action to suffer the delay of state court proceedings [and] effect the impermissible chilling of the very constitutional right he seeks to protect." *Zwickler v. Koota*, 389 U.S. 241, 252 (1967).

The concerns which counsel against abstention in First Amendment cases are notably absent in present case. Plaintiffs would be unlikely to suffer a chill on their First Amendment rights were this Court to abstain pending resolution of the state court proceedings which are currently working their way through the Oregon appellate system. Plaintiffs filed their challenge to Defendant's method of submitting Ordinance 878 to the public in Oregon state court before filing their challenge in federal court; by the time Plaintiffs filed their complaint in the present case, the state court case was already pending before the Oregon Court of Appeals. ECF 3 at 4-5. The present litigation, meanwhile, has not proceeded past the initial stages of litigation. Because this case does not implicate the particular concerns that counsel against abstention in First Amendment cases but does implicate the sensitive social policy of state election laws, this Court finds the first element of *Pullman* satisfied.

### 2. Avoidance of Federal Constitutional Adjudication

*Pullman* abstention is appropriate where "constitutional adjudication plainly can be avoided if a definite ruling on the state issue would terminate the controversy." *Porter*, 319 F.3d at 492. It is not necessary that adjudication of the state law claim "obviate the need to decide all the federal

constitutional questions" so long as it will "reduce the contours" of the federal litigation. *C-Y Development Co. v. City of Redlands*, 703 F.3d 375, 380 (9th Cir. 1983).

Plaintiffs argue that this element is not satisfied because "a state court determination that Defendants violated state law through their actions. . .would not terminate the controversy," as Plaintiffs would still be able to argue that the Defendant's actions violated their constitutional rights. ECF 23 at 10. But Plaintiffs fail to note that the opposite outcome—a state court determination that Defendant did not violate state law—would certainly "reduce the contours" of Plaintiffs' federal claims. Plaintiffs' single claim is that Defendant has burdened their First and Fourteenth Amendment rights by asserting that Ordinance 878 is law when it was not submitted to voters in accordance with the Oregon Constitution. ECF 1 ¶ at 51. A determination by an Oregon court that Ordinance 878 was submitted to voters in accordance with the Oregon Constitution would necessarily reduce the contours of—if not completely obviate—Plaintiffs' constitutional claims. This Court therefore finds that the second element of *Pullman* abstention is satisfied.

**3. Uncertainty of Determinative State Law Issues**

When considering whether a state law issue is uncertain for purposes of *Pullman* abstention, courts in the Ninth Circuit consider whether the federal court could predict with any confidence how the state's highest court would decide an issue of state law. *Pearl Inv. Co. v. City and Cnty. of San Francisco*, 774 F.2d 1460, 1465 (9th Cir. 1985).

Plaintiffs argue that the way a referendum must be submitted to the voters is clearly set out by Oregon state law and the Oregon constitution. But Plaintiffs cite to no Oregon cases, nor is the Court aware of any cases, that discuss whether wording a referendum in the form of a repeal violates Oregon law and the Oregon constitution. Indeed, Plaintiffs' argument that the state law

is clearly settled in their favor is undercut by the fact that a state court, in considering Ordinance 878, ruled against Plaintiffs and in favor of Defendant—a ruling that Plaintiffs have already appealed. *Polonsky v. Washington County*, No. 22-CV-12904 (April 14, 2022).

The Ninth Circuit has likewise not considered whether, under Oregon law, a referendum may be worded as a repeal. In arguing that a referendum cannot be submitted to voters in the form of a repeal, Plaintiffs rely heavily on *M.S. v. Brown*, a Ninth Circuit case that considered the constitutionality of a 2014 statewide referendum. 902 F.3d 1076 (9th Cir. 2018). This Court finds that *M.S. v. Brown* is not controlling in the present case. In *M.S. v. Brown*, the Ninth Circuit considered whether plaintiffs had standing to challenge the failure of a referendum based on alleged discriminatory animus. *Id.* at 1080. Plaintiffs did not challenge, and the court did not consider, the way the referendum was submitted to the voters. *Id.* at 1082 (stating that plaintiffs were not challenging "the referendum process. . .or any State action taken with respect to the referendum election."). *M.S.* is readily distinguishable from the present case, where Plaintiffs are directly challenging Washington County's action taken with respect to the referendum on Ordinance 878.

Given the lack of case law interpreting whether a referendum can be submitted to Oregon voters in the form of a repeal, this Court finds that the questions of state law are sufficiently uncertain to fulfill the final element of *Pullman* abstention.

**B. Ordered Relief**

Having determined that Pullman abstention is appropriate in this case, the Court now considers the most appropriate relief, considering both fairness to the parties and the overall goal of judicial efficiency.

The Ninth Circuit has held that a court abstaining under *Pullman* should "retain jurisdiction to enable the litigant to return to adjudicate any surviving federal questions after resolution of the state law issues." *Int'l Broth. of Elec. Workers, Loc. Union No. 1245 v. Public Service Com'n of Nevada*, 614 F.2d 206, 213 (9th Cir. 1980); *Cedar Shake and Shingle Bureau v. City of Los Angeles*, 997 F.2d 620, 622 (9th Cir. 1993) ("A district court abstaining under *Pullman* must dismiss the state law claim and stay its proceedings on the constitutional question until a state court has resolved the state issue."); *Santa Fe Land Imp. Co. v. City of Chula Vista*, 596 F.2d 838, 841 (9th Cir. 1979) ("If the court abstains under *Pullman*, retention of jurisdiction, and not dismissal of the action, is the proper course.").

This Court recognizes that within the Ninth Circuit, stay rather than dismissal with leave to refile is the preferred relief under *Pullman*. The Parties in this case, however, have both stipulated that if the Court abstains, the case be dismissed with leave to refile upon the resolution of the pending state court litigation. This Court thus grants the Parties' joint request and orders the case dismissed with leave to refile. Any party seeking to refile the present case in federal court is ordered to notify this Court and opposing counsel of that intent within thirty days of a final resolution of the state law issues in the Oregon appellate courts (whether the Oregon Court of Appeals or the Oregon Supreme Court). The party will then have sixty days after such notice to refile.

## **CONCLUSION**

For the foregoing reasons, the Court finds it is appropriate to abstain from the current case under the *Pullman*. Pursuant to the Parties' joint request, this case is hereby DISMISSED with leave to refile.

**IT IS SO ORDERED**.

DATED this 27th day of October, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge